UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

|  |  |  |
|---|---|---|
| DAVID HARVEY BREWSTER. | ) | |
| | ) | |
| Petitioner, | ) | Action No. 0:13-CV-74-JMH |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| ALAN BROWN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Report and Recommendation entered by Magistrate Judge Robert E. Wier. [DE 13]. Said action was referred to the magistrate for the purpose of reviewing the merit of Petitioner David Harvey Brewster's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE 1]. Following an initial review of the petition, the Court ordered Defendant to show cause why the matter should not be dismissed as untimely [DE 69], to which Petitioner [DE 11] and Respondent Warden Alan Brown [DE 12] responded. In his Recommended Disposition, dated December 31, 2013 [DE 13], the Magistrate Judge recommends that this District Court dismiss Brewster's § 2254 petition as untimely.

1

Brewster timely filed his objections on January 10, 2014 [DE 14]. Accordingly, this matter is now ripe for review. Brewster does not object to the Magistrate Judge's conclusion that the Petition was filed outside of the statute of limitations set forth in 28 U.S.C. § 2244(d), but instead objects to the Recommended Disposition to the extent it concludes that equitable tolling does not apply. This Court shall make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). For the reasons that follow, this Court agrees that equitable tolling does not apply, that that Brewster's Petition was untimely, and he is not entitled to relief under § 2254.

**I. Analysis**

Brewster did not object to the Magistrate Judge's analysis and conclusion that his Petition was not filed within the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), 28 U.S.C. § 2244(d). Therefore, this Court will adopt the reasoning of the Magistrate Judge on this issue. *Jenkins v. Plumbers and Pipefitters Union Local No. 614*, No. 10-2929, 2013 WL 4782385 at *3 (W.D.Tenn. Sept. 6, 2013) ("[A] district court should adopt

the findings and rulings of the magistrate judge to which no specific objection is filed." (quoting *United States v. Maness*, No. 10-20348, 2012 U.S. Dist. LEXIS 92238, at *2 (W.D.Tenn. July 3, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 151 (1985))).

Brewster objects to the Magistrate Judge's conclusion that equitable tolling does not apply to allow his claims to be construed as timely. "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Courts should grant equitable tolling relief "sparingly." *See Freeman v. Trombley*, 483 F. App'x 51, 55 (6th Cir. 2012) (citation omitted).

A habeas petitioner bears the burden to show that he is entitled to equitable tolling and to do so, he must satisfy a two-part showing. *Robertson*, 624 F.3d at 784. First, the petitioner "must establish 'that he has been pursuing his rights diligently.'" *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)). Second, the petitioner must

3

establish "'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland*, 130 S. Ct. at 2562).

Brewster asserts that because he was diligent in pursuing his rights and that he filed his petitioner one month and one day prior to the expiration of the applicable period when he filed his 2254 motion. Even assuming Brewster could not have discovered the factual predicate to his claim until March 17, 2010, however, Brewster's § 2254 Petition still is untimely.

The record reflects that Brewster waited until January, 2011, approximately ten months from his waiver of extradition and transfer to Kentucky in March, 2010, to pursue his claim through the administrative grievance process. That administrative process concluded in August 2011. Brewster then waited almost nine more months before filing his state habeas corpus petition in May, 2012. Then, after the Kentucky Supreme Court denied Brewster discretionary review on his state habeas claims on February 13, 2013, [DE 1-2 at 27], Brewster waited another seven weeks to file his federal habeas petition. Thus, even crediting the amount of time Brewster spent pursuing the administrative remedy process and his state post-conviction application, it took Brewster more than twenty months to

file his § 2254 Petition, eight months more than the one year limitation period. Brewer argues that this Court should only consider the ten month period between his return to Kentucky and when he began the process, and then the time period of one month, three weeks and one day between the denial of his discretional review by the Kentucky Supreme Court on February 3, 3013 and the filing of the petition in this matter in making this calculation. The Court disagrees.  Even assuming that Petitioner discovered his claim in 2010, he has not demonstrated that he has pursued his rights diligently.  Accordingly, this Court, following a de novo review of the Petitioner's objections, hereby accepts and adopts the proposed findings and recommendations of the Magistrate Judge as if set forth herein.

Further, no certificate of appealability shall issue in this matter.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Fryman must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342

(2003). In this case, reasonable jurists would not debate the denial of Brewster's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See id.*

Accordingly, **IT IS ORDERED:**

(1) that the Recommended Disposition of Magistrate Judge Robert E. Wier [DE 213] is **ACCEPTED** and **ADOPTED**;

(2) that Petitioner's request for relief under 28 U.S.C. § 2254 [DE 1] is **DENIED**; and

(3) that no certificate of appealability will issue.

This the 13th day of February, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge